NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARD JOHNSON, | No. 17-17524 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-00670-GMS |
| v. | |
| J. BENDEL, Correctional Officer IV - Badge No. 2491 at Eyman Complex - SMU II; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, Chief Judge, Presiding

Submitted December 17, 2018**

Before: WALLACE, SILVERMAN, and McKEOWN, Circuit Judges.

Richard Johnson, an Arizona state prisoner, appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging retaliation. We

have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Brodheim v. Cry*,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

584 F.3d 1262, 1267 (9th Cir. 2009).  We reverse and remand.

The district court granted summary judgment on the basis that Johnson failed to raise a genuine dispute of material fact as to whether defendants Diaz, Pruett, and Rode acted with retaliatory intent when they validated Johnson as a gang member.  However, Johnson alleged in his verified complaint that when he stated at the hearing that he was being validated in retaliation for filing grievances, defendants said "you shouldn't have done that in the first place" and "if you hadn't grieved any officers you wouldn't be here."  Johnson further alleges that when he attempted to challenge the evidence against him, defendants said "the decision to validate you has come from Central Office" before the hearing had concluded. Taking these factual allegations in the light most favorable to Johnson, a reasonable jury could find that the alleged statements showed that defendants acted with retaliatory motive.  *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth elements of a retaliation claim in the prison context); *see also Brodheim*, 584 F.3d at 1271 ("To prevail on a retaliation claim, a plaintiff must show that his protected conduct was 'the substantial or motivating factor behind the defendant's conduct.'" (citation and internal quotation marks omitted)); *Bruce v. Ylst*, 351 F.3d 1283, 1289 (9th Cir. 2003) (statements regarding inmate's

17-17524

grievance activity, combined with additional evidence, raised a genuine dispute of material fact regarding whether the motive behind the inmate's validation was retaliatory).  We reverse and remand for further proceedings.

Johnson's request for judicial notice, set forth in the opening brief, is denied.

**REVERSED and REMANDED.**